## WICKERSHAM *v.* FETROW.

The defendant is not personally liable for the costs on a *scire facias* on a mortgage the judgment being exclusively *de terris*.

Nor does a terre-tenant, applying by petition and permitted to defend, incur any personal liability for costs, unless there be a stipulation to that effect, when his petition was granted.

IN error from the Common Pleas of York county.

*May* 18. The facts of this case are all stated in the opinion of Mr. J. Burnside.

*Cochran* and *Barnitz*, for plaintiff in error.—The remedy is statutory, and the judgment *de terris* only; act 1705; 2 Troub. and Haly, 326; 6 Serg. & Rawle, 44; 7 Serg. & Rawle, 1—8; Roberts *v.* Williams, 5 Whart. 170. There could be no doubt of the right of the terre-tenant to defend, and there is no remedy for costs but under the statute which merely directs them to be deducted from the surplus proceeds of sale after satisfaction of the debt.

*Chapin* and *Durkee*, contrà.—*Ex parte* Horne, 1 Mad. Rep. 622.

*May* 28.  BURNSIDE, J.—In the action No. 42, of January
Term, 1844, of Philip Fetrow *v.* David Fetrow, which was a *scire
facias sur mortgage,* on the return of the writ, Daniel Hoopes and
William Wickersham, executors of William Hoopes, deceased, pre-
sented their petition to the court, averring that Hoopes was a pur-
chaser of the land since the date of the mortgage, and they believed
the mortgage sued on was paid, and asked leave to appear and take
defence, which was allowed.  Judgment was given against David
Fetrow on the 22d July, 1844, for want of a plea.  Hoopes' execu-
tors pleaded payment.  The cause was referred to arbitrators, who
made a report in favour of the defendants; appeal to the Common
Pleas, trial and verdict for the defendants; new trial granted, and
then verdict and judgment for the plaintiffs for $531 50 debt, with
six cents costs; *levari facias* and premises sold for $315.  The
costs were taxed at $199 46.  On the 17th of April, 1846, the
plaintiff, Philip Fetrow, obtained of the court a rule upon William
Wickersham and David Hoopes, executors of William Hoopes, de-
ceased, to show cause why they should not pay the plaintiffs costs
which accrued after the judgment against David Fetrow, rendered
on the 22d of July, 1844.  The court, on the 4th of August, 1846,
made the rule absolute.

This act of the Common Pleas, the making of the rule absolute
on the executors of William Hoopes, deceased, is the error assigned
in this court.

The *scire facias* on the mortgage is a proceeding *in rem,* against
the land mortgaged, and is given by the sixth section of the act of
1705, (1 Smith's Laws, 59; Dunlop, 23,) to enforce the payment of
the mortgage debt.  The plaintiff obtained a verdict and judgment
against the land, which gave him a writ of *levari facias* to sell the
land.  The law gives him the proceeds of that sale to pay the debt,
interest, and costs.  If the land did not sell for a sufficient sum for
that purpose, he is left to pursue any other remedy he may have
for the balance.  Costs are only given by the statute law.  The
common law gave costs in no case.  The statute of Gloucester,
6 Ed. 1 ch. 1, gave them only where damages are recoverable;
4 Wash. C. C. R. 107.  Courts have no power to give costs or to
order their payment, unless authorized by the statute law.  When
the executors of Hoopes applied to the equity power of the court to
permit them to defend against the *scire facias* on the mortgage, it
would have been proper in the Common Pleas, to have made them
stipulate to pay the costs in case of an unfavourable result, but the
court, the defendant in the mortgage, and the plaintiff in the *scire*

*facias*, permitted them to appear and plead without any stipulation or condition. However equitable it may appear, that Hoopes' executors should pay the costs, the case disclosed leaves the court without power for that purpose. The parties to the mortgage have themselves to blame in not calling on the court for a stipulation as to the costs before they permitted them to appear. We are constrained to reverse this order of the court, on the ground stated.

Judgment making the rule absolute reversed.